# UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                        )<br>                    Plaintiff,         )<br>                                                        )<br>V.                                                  )<br>                                                        )<br>FREDY RIVERA-SANCHEZ,      )<br>                                                        )<br>                    Defendant.      )<br>_____ ) | CASE NO.    1:12-mj-00047 DLB<br><br>**DETENTION ORDER**<br>**(VIOLATION OF SUPERVISED RELEASE)** |

**A.   Order For Detention**

After conducting a preliminary hearing and detention hearing pursuant to Federal Rules of Criminal Procedure 32.1(a)(1) and 46(c) and 18 U.S.C. § 3143(a) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3143 pending transfer to the Southern District of New York.

**B.   Statement Of Reasons For The Detention**

The Court orders the defendant's detention because it finds that there is probable cause to hold defendant for a revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1.

The Court further finds that defendant has failed to show, by clear and convincing evidence, that he is neither a flight risk nor a danger to the safety of any other person or the community if released under 18 U.S.C. §§ 3142(b) or (c).

**C.   Findings Of Fact**

The Court's findings are based on the evidence which was presented in Court, and that which was contained in the Probation Office Report, and includes the following:

(1) Nature and circumstances of the offense for which the defendant was originally convicted.

  __X__   (a) The crime: 21 USC 846 - Conspiracy to Distribute and Possess with Intent to Distribute Cocaine is a serious crime.

  ____   (b) The original commitment offense is a crime of violence.

  ____   (c) The original commitment offense is one enumerated in 18 U.S.C. § 3142(e)(3).

(2) The weight of the evidence against the defendant is high.

(3) The history and characteristics of the defendant, including:

  (a)   General Factors:

  ____   The defendant appears to have a mental condition which may affect whether the defendant will appear.

  ____   The defendant has no family ties in the area.

  ____   The defendant has no steady employment.

  ____   The defendant has no substantial financial resources.

  ____   The defendant is not a long time resident of the community.

  ____   The defendant does not have any significant community ties.

    (b)    Past conduct of the defendant:

- \_\_\_\_ The defendant has a history relating to drug abuse.
- \_\_\_\_ The defendant has a history relating to alcohol abuse.
- \_\_\_\_ The defendant has a significant prior criminal record.
- \_\_\_\_ The defendant has a prior record of failure to appear at court proceedings.
- _X_ Other: There is probable cause to believe that defendant **[committed new crimes/law violations while under supervision] [has violated the terms of supervised release]**.

(c) Whether the defendant was on probation, parole, or release by a court:

At the time of the current arrest, the defendant was on:

- \_\_\_\_ Probation.
- \_\_\_\_ Parole.
- \_\_\_\_ Release pending trial, sentence, appeal, or completion of sentence.

(d) Other Factors:

- \_\_\_\_ The defendant is an illegal alien and is subject to deportation.
- \_\_\_\_ The defendant is a legal alien and will be subject to deportation if convicted.
- _X_ Other: The defendant is to be transported to the Southern District of New York as soon as practicable.

(4) The nature and seriousness of the danger posed by the defendant's release are as follows:


**D.** **Additional Directives**

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: **March 15, 2012**           /s/ **Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE